1  **ERICK L. GUZMAN**
   California State Bar No. 244391
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Telephone: (619) 234-8467
4  Facsimile: (619) 687-2666
   Email: erick_guzman@fd.org
5
6  Attorneys for Ms. Alvarez
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10             (**HONORABLE JEFFREY T. MILLER**)

11 | UNITED STATES OF AMERICA, | ) | CASE NO. 08CR0398-JM |
|---|---|---|
12 | Plaintiff, | ) | |
13 | v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
14 | ADRIANA ALVAREZ, | ) | |
15 | Defendant. | ) | |
16 | _____ | ) | |

17                        **I.**

18              **STATEMENT OF FACTS**[1]

19        On January 17, 2008, Ms. Alvarez drove up to the Calexico West Port of Entry.

20  Ultimately, 50.34[2] kilograms of marijuana were discovered in the vehicle.

21        Agents Gates and Brasby interrogated Ms. Alvarez; the interrogation was supposed to

22  be video-taped. The agents spoke with Ms. Alvarez about her <u>Miranda</u> rights.[3] <u>See</u> <u>Miranda v.</u>

23

24        [1]    Most of this statement of facts is based on information provided by the government.
25  Ms. Alvarez does not admit its accuracy and reserves the right to challenge it at a later time.

26        [2]    There are differing amounts listed in the government's discovery.

27        [3]    The government has provided a copy of a Spanish waiver of <u>Miranda</u> rights form.
28  Notwithstanding that form, Ms. Alvarez contends that she did not understand her <u>Miranda</u> rights.
    <u>See</u> declaration of A. Alvarez.

                                        08CR0398-JM

1   <u>Arizona</u>, 384 U.S. 436, 444 (1966). They then received an unintelligent and imperfect waiver of

2   those rights, as Ms. Alvarez did not understand that she had the right to immediately receive a free

3   attorney, nor did she know that should could refuse to speak with the agents. . <u>See</u> Declaration of

4   A. Alvarez at ¶¶ 3 & 4 (attached as Exhibit A) ("Alvarez Declaration").  During the interrogation,

5   she professed her innocence and denied knowledge of the alleged narcotics discovered in the

6   vehicle. <u>See</u> <u>id</u>. at ¶ 5.  The agents persisted in their interrogation of Ms. Alvarez.  <u>See</u> <u>id</u>.  Agents

7   continued insisting, and insisting that she was aware of the narcotics.   <u>See</u> <u>id</u>. at ¶ 6.  They told her

8   that it would be worse for her if she did not admit knowledge.    <u>See</u> <u>id</u>. at ¶ 7. The agents placed

9   great pressure upon the twenty-eight year old Ms. Alvarez.   <u>See</u> <u>id</u>. at ¶¶ 8-10.  She then told the

10  agents that she knew about the narcotics in the vehicle.  Ms. Alvarez was charged with one count

11  of 8 U.S.C. §§952 and 960.

12          Ms. Alvarez reviewed discovery provided by the government and realized that the DVD

13  provided by the government did not contain any of the statements by Ms. Alvarez that the

14  government  alleges.  In fact, the DVD cuts out after a few seconds, and the captured footage

15  contains only introductory statements by ICE agents. Ms. Alvarez then made several requests--both

16  telephonic and epistolary--for either a functioning DVD,  a written transcription of Ms. Alvarez's

17  statements or any handwritten notes taken by agents during the interrogation.  Weeks went by and

18  Ms. Alvarez received nothing.  On March 13, 2008, AUSA Carla Bressler informed Ms. Alvarez

19  that there was no DVD of the alleged confession.  Ms. Alvarez then made a repeated requested for

20  any written memorialization  of her alleged statements or notes taken by agents during the

21  interrogation.  Ms. Alvarez has received no response nor additional discovery.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

25          At this time Ms. Alvarez has received only **seventy four pages** of discovery and

26  requests the following additional discovery materials.  Her request is not limited to those items that

27  the prosecutor knows of.  It includes all discovery listed below that is in the custody, control, care,

28  or knowledge of any "closely related investigative [or other] agencies." <u>See</u> <u>United States v. Bryan</u>,

1    868 F.2d 1032 (9th Cir. 1989); <u>United States v. Jernigan</u>, 492 F.3d 1050 (9th Cir. 2007) (<u>en banc</u>).

2    Also, Ms. Alvarez renews her request for any recording of her post arrest statement, any written

3    memorialization of her statement, or any notes written by the agents during Ms. Alvarez's

4    interrogation.

5            (1) <u>Brady Material</u>.  The defendant requests all documents, statements, agents' reports,

6    and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the

7    credibility of the government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence

8    falls within the definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S.

9    667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

10           (2) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior

11   similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions

12   which would be used to impeach as noted in Fed. R. Crim. P. 609.  In addition, under Fed. R. Evid.

13   404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance

14   of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed.

15   R. Evid. 404(b) at trial.  The defendant requests such notice two weeks before trial in order to give

16   the defense time adequately to investigate and prepare for trial.

17           (3) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result

18   of any search.  Fed. R. Crim. P. 16(a)(1)(E).  She wishes to inspect the evidence before trial.

19   **Specifically, the defense requests the opportunity to inspect the 1993 Honda Odyssey seized**

20   **in this case.  In addition, the defense wishes to inspect the 50.34 kilograms of marijuana**

21   **allegedly found in the seized vehicle.**  <u>See</u> Section III, below.  **A proposed preservation order**

22   **has been electronically mailed to the Court for the Court's signature.**

23           (4)  <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the

24   preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the

25   possession, custody, or care of the government and which relates to the arrest or the events leading

26   to the arrest in this case.  This request includes, but is not limited to, any samples of narcotics used

27   to run any scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle which

28   the defendant drove, the defendant's personal effects, and any evidence seized from the defendant

1  or any third party.

2      In addition, Ms. Alvarez specifically requests that the Assistant United States Attorney

3  assigned to this case oversee a review of all personnel files of each agent involved in the present

4  case for impeachment material. <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995); <u>United States v.</u>

5  <u>Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>but see</u> <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir.

6  1996).

7      (5)  <u>Tangible Objects</u>.  The defendant seeks to inspect and copy as well as test, if

8  necessary, all other documents and tangible objects, including photographs, books, papers,

9  documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which

10  are material to the defense or intended for use in the government's case-in-chief or were obtained

11  from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **A proposed preservation order**

12  **has been electronically mailed to the Court for the Court's signature.**

13      (6)  <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written

14  summary of the testimony of any person that the government intends to call as an expert witness

15  during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).

16      (7)  <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any

17  prospective government witness is biased or prejudiced against the defendant, or has a motive to

18  falsify or distort her testimony.

19      (8)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective

20  government witness has engaged in any criminal act, whether or not resulting in a conviction, and

21  whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609

22  and 613; <u>Brady v. Maryland</u>.

23      (9)  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant

24  requests any evidence that any prospective witness is under investigation by federal, state or local

25  authorities for any criminal conduct.

26      (10)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth</u>

27  <u>Telling</u>.  The defense requests any evidence, including any medical or psychiatric report or

28  evaluation, that tends to show that any prospective witness' ability to perceive, remember,

1    communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics

2    or other controlled substance, or has ever been an alcoholic.

3          (11) <u>Witness Addresses</u>.  The defendant requests the name and last known address of

4    each prospective government witness.  The defendant also requests the name and last known

5    address of every witness to the crime or crimes charged (or any of the overt acts committed in

6    furtherance thereof) who will <u>not</u> be called as a government witness.

7          (12) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name

8    of any witness who made an arguably favorable statement concerning the defendant.

9          (13) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any

10   statement relevant to any possible defense or contention that she might assert.

11         (14) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all

12   material, including dispatch tapes, which the government must produce pursuant to the Jencks Act,

13   18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of

14   defendant to investigate the Jencks material.

15         (15) <u>Giglio Information</u>.  Under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the

16   defendant requests all statements and/or promises, express or implied, made to any government

17   witnesses, in exchange for their testimony in this case, and all other information which could

18   arguably be used for the impeachment of any government witnesses.

19         (16) <u>Scientific and Other Information</u>.  To the extent not already provided, the

20   defendant requests the results of any scientific or other tests or examinations, including testing done

21   on the alleged marijuana.  <u>See</u> Rule 16(a)(1)(F).

22         (17) <u>Informants and Cooperating Witnesses</u>.  The defense requests disclosure of the

23   name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used

24   in this case, and in particular, disclosure of any informant who was a percipient witness in this case

25   or otherwise participated in the charged crime.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62

26   (1957). The government must disclose any information derived from informants which exculpates

27   or tends to exculpate the defendant. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must

28   disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u>

(18) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Ms. Alvarez specifically requests all citizen complaints and other related internal affairs documents involving any of the Customs officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of her, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

(19) <u>Government Examination of Law Enforcement Personnel Files</u>.  The defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers.  She requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(20) <u>Training of Border Patrol and DEA Agents.</u>  The defendant requests copies of any and all written policies and/or training manuals issued by the Department of Homeland Security to their employees regarding:  (1) the handling of vehicles suspected to be transporting illegal contraband near or to the border; (2) the detention of individuals within those vehicles suspected of carrying contraband; and (3) the search of those vehicles and the occupants of those vehicles.

(21) <u>Residual Request</u>.  Ms. Alvarez intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  Ms. Alvarez requests that the government provide her with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

1

2

### III.

### MOTION TO PRESERVE AND RE-WEIGH NARCOTIC EVIDENCE

3

Ms. Alvarez requests an order for the U.S. Government and its agents to preserve the

4

narcotic evidence in this case and permit the defense to re-weigh any narcotic evidence.  For the

5

Court's convenience, a proposed order is attached to these motions.

6

7

### IV.

8

### MOTION TO SUPPRESS MS. ALVAREZ' STATEMENTS
### PURSUANT TO MIRANDA AND 18 U.S.C. § 3501

9

10

The government bears the burden of demonstrating that a defendant's statement is

voluntary and that Miranda warnings were given prior to a custodial interrogation.  United States

11

v. Harrison, 34 F.3d 886, 890 (9th Cir. 1994); see also United States v. Dickerson, 530 U.S. 428,

12

439-41 (2000) (discussing constitutional underpinnings of Miranda v. Arizona, 384 U.S. 436, 444

13

(1966) and the need to safeguard "precious Fifth Amendment rights"); see also 18 U.S.C. § 3501.

14

Unless and until the government meets this high burden in this case, Ms. Alvarez's statements must

15

be suppressed.

16

A.    **The Government Must Demonstrate Compliance with *Miranda* in This Case.**

17

1.    ***Miranda* Warnings Must Precede Custodial Interrogation.**

18

The prosecution may not use statements, whether exculpatory or inculpatory, stemming

19

from a custodial interrogation of Ms. Alvarez unless it demonstrates the use of procedural

20

safeguards effective to secure the privilege against self-incrimination.  Miranda v. Arizona, 384

21

U.S. 436, 444 (1966).[4] Custodial interrogation is questioning initiated by law enforcement officers

22

after a person has been taken into custody or otherwise deprived of her freedom of action in any

23

significant way.  Id.  See Orozco v. Texas, 394 U.S. 324, 327 (1969).

24

Once a person is in custody, Miranda warnings must be given prior to any interrogation.

25

See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980).  Those warnings must

26

27

28

[4] In Dickerson v. United States, 530 U.S. 428, 120 S. Ct. 2326 (2000), the Supreme Court
held that Miranda rights are no longer merely prophylactic, but are of constitutional dimension.  Id.
at 2336 ("we conclude that Miranda announced a constitutional rule").

advise the defendant of each of her or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). In order for the warning to be valid, the combination or the wording of its warnings cannot be affirmatively misleading. United States v. San Juan Cruz, 314 F.3d 384, 387 (9th Cir. 2003). The warning must be clear and not susceptible to equivocation. Id. (vacating illegal entry conviction where defendant was advised of his administrative rights from an I-826 form and later advised of his Miranda rights). If a defendant indicates that she wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474; see also Edwards v. Arizona, 451 U.S. 484 (1981). Unless and until the government shows that the agents properly administered the Miranda warnings, the government cannot use evidence obtained as a result of any custodial interrogation that occurred after Ms. Alvarez's arrest. Miranda, 384 U.S. at 479.

### 2. The Government Must Demonstrate That Any Alleged Waiver of Ms. Alvarez's Rights Was Voluntary, Knowing, and Intelligent.

When interrogation occurs without the presence of an attorney and a statement is taken, a *heavy* burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived her privilege against self-incrimination and her right to retained or appointed counsel. Miranda, 384 U.S. at 475. It is undisputed that, to be effective, a waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily. Schneckloth, 412 U.S. 218. To satisfy this burden, the prosecution must introduce evidence sufficient to establish "that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The Ninth Circuit has stated that "[t]here is a presumption against waiver." Garibay, 143 F.3d at 536. The standard of proof for a waiver of these constitutional rights is high. Miranda, 384 U.S. at 475. See United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights). Finally, it should be noted that, since Miranda rests on a constitutional foundation, see Dickerson v. United States, 530 U.S. 428, 438 (2000), no law or local court rule relieves the government of its burden to prove that Ms. Alvarez voluntarily waived the Miranda protections. Miranda, 384 U.S. 475.

1    The validity of the waiver depends upon the particular facts and circumstances
2  surrounding the case, including the background, experience, and conduct of the accused. <u>Edwards</u>
3  <u>v. Arizona</u>, 451 U.S. 477, 472 (1981); <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1983).  <u>See also</u>
4  <u>United States v. Heldt</u>, 745 F.2d at 1277; <u>United States v. McCrary</u>, 643 F.2d 323, 328-29 (9th Cir.
5  1981).  In <u>Derrick v. Peterson</u>, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the
6  issue of the validity of a <u>Miranda</u> waiver requires a two prong analysis:  the waiver must be both
7  (1) voluntary, and (2) knowing and intelligent.  <u>Id.</u> at 820.

8    The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry
9  under the [Fifth] Amendment . . . ."  <u>Id.</u>  The second prong, requiring that the waiver be "knowing
10  and intelligent," mandates an inquiry into whether "the waiver [was] made with a full awareness
11  both of the nature of the right being abandoned and the consequences of the decision to abandon
12  it."  <u>Id.</u> at 820-21 (quoting <u>Colorado v. Spring</u>, 479 U.S. 564, 573 (1987)).  This inquiry requires
13  that the Court determine whether "the requisite level of comprehension" existed before the
14  purported waiver may be upheld.  <u>Id.</u>  Thus, "[o]nly if the `totality of the circumstances surrounding
15  the interrogation' reveal *both* an uncoerced choice *and* the requisite level of comprehension may
16  a court properly conclude that the <u>Miranda</u> rights have been waived."  <u>Id.</u> (quoting <u>Colorado v.</u>
17  <u>Spring</u>, 479 U.S. at 573) (emphasis in original) (citations omitted)).

18    Under prevailing Ninth Circuit law, the government bears the burden of demonstrating
19  a meaningful <u>Miranda</u> waiver by clear and convincing evidence.  <u>See</u> <u>Schell v. Witek</u>, 218 F.3d
20  1017 (9th Cir. 2000) (en banc) (constitutional rights may ordinarily be waived only if it can be
21  established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent)
22  (citations omitted).  Moreover, this Court must "indulge every reasonable presumption against
23  waiver of fundamental constitutional rights."  <u>Id.</u> (citations omitted).  Unless and until the
24  prosecution meets its burden of demonstrating through *evidence* that adequate <u>Miranda</u> warnings
25  were given and that Ms. Alvarez knowingly and intelligently waived her rights, Ms. Alvarez's
26  statements must be suppressed  <u>Miranda</u>, 384 U.S. at 479.

27

28

**B.**      **The Government Bears the Burden of Proving Ms. Alvarez's Statements Were Made Voluntarily.**

A defendant in a criminal case is deprived of due process of law if the conviction is founded upon an involuntary confession. <u>Arizona v. Fulminante</u>, 499 U.S. 279 (1991); <u>Jackson v. Denno</u>, 378 U.S. 368, 387 (1964). This is so even when the procedural safeguards of <u>Miranda</u> have been satisfied. <u>Id</u>. The government bears the burden of proving by a preponderance of the evidence that a confession is voluntary. <u>Lego v. Twomey</u>, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. <u>Schneckloth</u>, 412 U.S. at 226. Some factors taken into account have included the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. <u>Id.</u>

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1962). "The test is whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" <u>Hutto v. Ross</u>, 429 U.S. 28, 30 (1976) (quoting <u>Bram v. United States</u>, 168 U.S. 532, 542-43 (1897)). <u>See also</u> United <u>States v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).

Ms. Alvarez has already put forth evidence that her statements were involuntary and were squeezed out of her by the pressure applied by Agents Brasby and Gates. <u>See</u> Alvarez Declaration at ¶ 8-10.

Until the government meets its burden of showing all statements of Ms. Alvarez that it intends to use at trial were voluntary, her statements must be suppressed as involuntary. 18 U.S.C. § 3501(a).

**C.**     **This Court Must Conduct An Evidentiary Hearing to Determine the Voluntariness of Ms. Alvarez's Statements.**

This Court must make a factual determination as to whether a confession was voluntarily given prior to its admission into evidence.  18 U.S.C. § 3501(a).  Where a factual determination is required, courts are obligated by Federal Rule of Criminal Procedure 12 to make factual findings.  See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990).  Because "'suppression hearings are often as important as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.  Under section 3501(b), this Court must consider "all the circumstances surrounding the giving of the confession," including:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

Without the presentation of evidence, this Court cannot adequately consider these statutorily mandated factors.  Accordingly, Ms. Alvarez requests that this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any statements made by Ms. Alvarez were voluntary.

**V.**

**LEAVE TO FILE FURTHER MOTIONS**

At this time Ms. Alvarez has received only **seventy-four** pages of discovery.  As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions.  For this reason, defense counsel requests leave to file further motions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI.

## <u>CONCLUSION</u>

For the reasons stated, Ms. Alvarez requests that this Court grant her motions.

Respectfully Submitted,

Dated: April 1, 2008

_____/s/ Erick Guzman_____
**ERICK L. GUZMAN**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Alvarez

## CERTIFICATE OF SERVICE

        Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**CARLA BRESSLER**
carla.bressler@usdoj.gov; efile.dkt.gc1@usdoj.gov


Dated: April 1, 2008                          _____/s/  Erick Guzman_____
                                              ERICK L. GUZMAN
                                              Federal Defenders of San Diego, Inc.
                                              225 Broadway, Suite 900
                                              San Diego, CA 92101-5030
                                              (619) 234-8467  (tel)
                                              (619) 687-2666  (fax)
                                              e-mail: erick_guzman@fd.org